GRANT, The GENERAL U. S. See Case No. 5,320.

GRANT, The JOSEPH. See Case No. 7,538.

GRANT LOCOMOTIVE WORKS (TORREY v.). See Case No. 14,105.

GRANT, The U. S. See Cases Nos. 16,803 and 16,804.

---

## Case No. 5,702.

### The GRAPESHOT.

[2 Ben. 527.] [1]

District Court, E. D. New York. Oct., 1868.

PRIORITIES—LIEN FOR CARGO SOLD, AND FOR SUPPLIES PREVIOUSLY FURNISHED.

1. Where a vessel had been libelled by an owner of cargo shipped on board and sold by her master for the necessities of the vessel, and was condemned by default and sold, and the proceeds were insufficient to pay the libellant's claim, and thereafter a material-man, who had furnished supplies to the vessel before the sale of the cargo, applied to stay proceedings and open the default as to him: *Held*, that the lien for the cargo sold was prior to that for the materials previously furnished.

[Cited in The Rapid Transit, 11 Fed. 335.]

2. The owner of the cargo, therefore, ought not to be put to the expense of contesting the material-man's claim, and the petition must be denied.

[Cited in The Favorite, Case No. 4,699.]

This was a petition filed on behalf of one O'Brien, a material-man, seeking to be paid the amount of certain supplies furnished the schooner Grapeshot, in the port of New Or-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

leans, out of the proceeds of that vessel now in the registry of the court. The vessel had been originally proceeded against by Otto J. Eggers and others, owners of certain cargo which had been shipped on the vessel to be transported from this port to Gonives, Hayti, but which had been sold by the master of the vessel to raise money to pay sailors and repair the vessel, to enable her to depart from Turk's Island, where she had gone in distress, and reach her home port. To this action of the owners of the cargo no defence was interposed on the part of the owners of the vessel, and the vessel having been condemned by default, the proceeds were brought into the registry, and were insufficient in amount to satisfy the demand of the libellant Eggers. Before the distribution of the fund, however, the present petition was filed, and there being no real dispute as to the facts upon which the question of priority between the two demands must depend, in order to raise the question the petitioner moved, upon notice to the first libellant, for an order of short publication and for a stay of the distribution of the fund, and that the default as against the petitioner be opened.

T. D. Hall, for the application.
T. Scudder, in opposition.

BENEDICT, District Judge. Inasmuch as it appears that the fund in court is insufficient to discharge the amount claimed by the libellant Eggers, it is manifest that he should not be put to the expense of interposing a defence to the petition of O'Brien, unless the claim is one which, if substantiated, would be entitled to a priority over the claim of Eggers in the distribution of the fund in court. Upon this question I entertain no doubt. The claim of the petitioner arises out of supplies furnished the vessel in New Orleans. The claim of Eggers arises out of a cargo afterward sold by the master in good faith, in a port of distress, when it was impossible otherwise to raise money to pay for supplies furnished to the vessel. The money thus raised from the sale of the cargo was in good faith applied by the master to prevent a condemnation and sale of the vessel in Turk's Island, and to enable her to reach New York. This was a proceeding for the benefit of the petitioner, as thereby the vessel, upon which he claims to have had a lien, was saved from condemnation, and enabled to reach her home, where it might be that her owners could discharge the debts, or if not, where the vessel could be sold to better advantage than by condemnation in Turk's Island. They cannot, therefore, in equity, ask to be paid in preference to the owners of the cargo so sold. The present motion, therefore, which, under ordinary circumstances, would be granted as of course, made as it is for the purpose of saving expense by an early decision of the question of priority raised and involving in its decision

no interests other than of the petitioner and the libellant, who has appeared to oppose it, is denied.